WILLIS WOOD vs. KINSMAN & LAMB.

If a person, who has an exemption from arrest and imprisonment on civil process, be arrested, and imprisoned in violation of his exemption, he should take the first opportunity to assert his privilege, and obtain his liberty; or his negligence will be construed a *waiver* of his privilege; and he cannot afterwards set up his privilege in an action of trespass, so as to make his arrest and imprisonment *unlawful*, that he may recover damages for false imprisonment.

If he be arrested on a writ of attachment, and his exemption be permanent, he should appear at Court, and plead his privilege in abatement of the writ; or if the writ be a summons, he should plead his privilege in bar of an execution against his body. Or, if he be imprisoned on a writ of execution, in the life of it, and according to its precept, and this was done at the request of the creditor, or his attorney, by a proper officer, such execution, if it issued on a regular judgement of a Court of Record, and if it were ever so *erroneous*, and not *absolutely void*, will justify the creditor, or his attorney, for procuring said imprisonment, in an action of trespass for false imprisonment brought against them.

This was an action of *Trespass* for Assault and Battery and False Imprisonment. The defendants plead *not gui*

ty as to the assault and battery; and in justification of the imprisonment, in substance, that the present plaintiff had been arrested by a Sheriff by virtue of an execution in favor of the firm of Center Lamb & Co., by direction of said Lamb to said Kinsman, who acted as the attorney on said execution for the creditors: That said execution was issued upon a regular judgement rendered by a Justice of the Peace, and that this was the imprisonment complained of.

To this plea in bar, the plaintiff replied in substance, that upon the judgement mentioned in said plea, an execution had been issued, upon which the plaintiff had been committed to jail, and had thereupon taken the poor debtors' oath.

To this replication, the defendants rejoined, that the plaintiff was arrested on the attachment, which was followlowed up to the judgement referred to in the pleadings, and held to bail: That he suffered judgement to be rendered by default: That while the execution was in the hands of the Sheriff, he came from the State of New-York, and voluntarily surrendered himself in discharge of bail, and that thereupon he was committed to prison, and took the poor debtors' oath; by reason of all which, he had waived his exemption from arrest and imprisonment upon said judgement.

To this rejoinder the plaintiff demurred; and joinder by defendants.

*Upham & Keith,* for plaintiff.—This is an action of trespass for assault and battery and false imprisonment, and comes before this Court by appeal from the County Court.

1. The plaintiff insists, that being by statute privileged from arrest and imprisonment, the writ of execution under which the defendants claim to justify, was illegal and void. —Stat. 230.— *Willington* vs. *Stearns*, 1 Pick. Rep. 497.— *Brackett* vs. *Winslow*, 17 Mass. 153 & 8.—*Hammett* vs. *Wyman*, 9 Mass. 138.

2. The writ of execution against the body of the plaintiff being illegal, his proper remedy against the defendants was an action of trespass and false imprisonment.— 17 Mass. 153 & 8, *Grumon* vs. *Raymond*, 1 Con. Rep. 40.—3 Ja-

WASHINGTON, cobs' Law Dic. 11.—*Leland* vs. *Marsh*, 16 Mass. 389.—
March,
1833.     Cowen's Treatise, 220.

Wood        In *Percival* vs. *Jones* (2 John. Cas. 49) where a Justice
vs.      of the Peace, under the ten pound act, issued an execution
Kinsman & al.
against the body of a defendant, who was by law privileged
from arrest and imprisonment, voluntarily and without the
request or authority from the plaintiff, it was holden that
he was liable to an action of false imprisonment.—1 Esp.
N. P. 2 part, 275.—2 Wils. 384.

. So, where an attorney sued out an illegal writ of *ca. sa.*
against a defendant, and ordered him to be imprisoned, it
was holden that false imprisonment would lie.—1 Swift's
Dig. 499.

In *Tarlton* vs. *Fisher et al.* (Doug. 671) *Ashurst*, J., said,
" A Sheriff is bound to execute process issuing out of a
Court of competent jurisdiction, and though there be no
cause of action, or the process is erroneous, he is not re-
sponsible. The plaintiff himself, in such cases, is only
liable : it is a plaintiff's business to take care how he takes
out his writ ; if he deliver it to the Sheriff, he takes all
upon himself."

The defendants, in the case at bar, took out a writ of ex-
ecution against the body of the plaintiff, and ordered him
imprisoned upon it, when by the laws of the land, he was
privileged from arrest and imprisonment. This they did
at their peril. They should have been satisfied with an
execution against his goods and chattels only.

In *Percival* vs. *Jones*, before cited, the Court said, " that
the Justice, when acting in good faith, should be protect-
ed. But at the same time, the privilege of the defendant
must have its effect ; and this can be done with safety to
the magistrate, in no other way than by considering the
execution as issuing at the peril of the party demanding
it."

3. The plea in bar alleges, that the Justice " adjudged
that the said Ira & Center might have execution against
the goods, chattels, estate and *body* of the said Willis."

This was an *excess* of jurisdiction ; and trespass may be
supported for imprisonment under the execution.—1 Chit-
ty's Pl. 184.

In *Briggs* vs. *Wardwell* (10 Mass. 356) it was holden

that trespass would lie against a Justice of the Peace, who issued an execution within twenty-four hours from the time of rendering judgement.

WASHINGTON,
March,
1833.

Wood
vs.
Kinsman & al.

4. Trespass lies against a party, who extends the process of the Court to a case, to which it cannot lawfully be extended.— *Curry* vs. *Pringle,* 11 John. Rep. 444.——13 John. Rep. 414.

In Justice's Courts, and all other Courts of special and limited jurisdiction, the rule is strict, that the party becomes a trespasser, who extends the power of the Court to a case to which it cannot lawfully be extended.—1 Stra. 710.— 2 Black. Rep. 1035.—Cowp. 610, 647.—2 Wils. 385-6.

The defendants, by ordering the plaintiff imprisoned upon the execution, certainly extended the process of the Court to a case, to which it could not lawfully be extended. After the plaintiff was discharged from his first imprisonment, by the Jail Commissioners, the Justice had no jurisdiction over his person upon any debt due the same creditors at the time of his discharge. And false imprisonment lies, where there is a want of jurisdiction over the person, or over the cause.— *Wise* vs. *Withers,* 3 Cranch. 331.— *Smith* vs. *Shaw,* 12 John. Rep. 257.—1 Con. Rep. 40.— *Marshalsea* case, 10 Coke, 70.

5. If the execution were a lawful one, the plaintiff is entitled to recover in this action, because it was unlawfully served ; and false imprisonment lies for the unlawful service of a lawful writ.— *Brown* vs. *Getchell,* 11 Mass. Rep. 11.

6. The legality of the proceedings, under which the defendants claim to justify, may be inquired into in this form of action.—Cowp. 640, 646.—2 John Cas. 49.—3 Cranch. 331.—2 John. Cas. 27.—17 Mass. 153 & 8.

*Smith & Peck,* for defendants.—1. If the execution under which the defendants justify, is void, then this action may be sustained ; otherwise it cannot. In a suit before a magistrate, of which he had jurisdiction, but in which he gave judgement and issued execution for more than $5 cost, contrary to a statute which limited the costs to be recovered to the sum of $5, it was held that the execution and judgement was *voidable* only.— *(Johnson* vs. *Wil-*

kinson, 17 John. Rep. 145.) The Court, in this case, said, " We have decided that when a Justice has jurisdiction to issue an attachment, but proceeds erroneously in doing so, he is not therefore a trespasser. The distinction is this : when the Justice has no jurisdiction whatever, and undertakes to act, his acts are coram non judice ; but if he has jurisdiction, and errs in exercising it, then the act is not void, but voidable only." So if an execution be issued previous to the day on which, by law, it ought to have issued, it is not void, but only voidable.—(4 Cranch, 328.) This case contradicts that cited by the plaintiff from Mass. Rep. In the case of Prigg vs. Adams & al. (2 Salk. 674) the defendant justified under a judgement & execution, which by an act of Parliament, was void, and the question was whether the proceedings were so far void as that the party might take advantage of it in this collateral way, and the Court held it was not : that it was only voidable by plea or writ of error. In Allen vs. Huntington & al. (2 Aik. Rep. 249) this decision is cited and approved by the Court, and the same principle recognized. From our examination of these authorities, it will be seen, that the execution in the present case, can in no sense be said to be void. The most that can be said against it, is, that it was voidable. But what appears to be decisive of this point, is the well-settled doctrine, that for the arrest of one privileged from arrest, either personally or locally, such as certificated bankrupts, insolvents, &c. trespass will not lie either against the officer or creditor, and this is upon the ground that the process is not void ; if it was, all the parties to the arrest would be trespassers.—(1 Chitty's Plead. 167.—3 Wils. 379.—1 Mod. 209.—1 Black. Rep. 1190, reported in 10 Petersdorff's Abr. 279.—3 N. H. Rep. 376.—1 Swift's Dig. 497.—3 Vt. Rep, 415.) And it has been held by the Supreme Court of Massachusetts, in cases analogous to the one at bar, in every respect, that the attachments were merely abateable.—(3 Mass. Rep. 193.— 1 Pick.) 'And such is the rule in Connecticut.—1 Sw. Dig.) If the proceedings before Jail Commissioners, in any given case, were void for some irregularity, it is clear, that the debtor, in such case, might lawfully be again arrested and imprisoned on the same debt. This furnishes a

strong argument in support of the validity of the execution under which the defendants justify; for, if an execution may in any case be legally issued against the body of the debtor, on a judgement, on which, he has been discharged from imprisonment, under the act for the relief of poor debtors, it would seem to be more consonant to principle, to hold such executions, in all cases, *voidable* only.

2. If the execution, in this case, is only *erroneous*, then it is a good justification to the defendants, until it is *superseded*.—(3 Hen. & Mumf. 260.—3 Wils. 342, 345, 376.—1 Stra. 509.—Doug. 671.—8 John. Rep. 365·—2 Black. Rep. 846–7, 1191.—1 Aik. Rep. 339.—1 Salk. 273.—15 East. 612.) Chitty lays down the general rule, that no action whatever can be supported for any act, however *erroneous*, if expressly sanctioned by the judgement or direction of any of the superior Courts at Westminster, or by an inferior magistrate, acting within the scope of his jurisdiction.—(1 Chitty's Pleadings, 167.—3 M. and S. 411, 425–7–8.)

In *Belk* vs. *Broadbent*, (3 Term Rep. 183) Lord Mansfield says, " It is incomprehensible to say that a person shall be considered a trespasser who acts under the process of this Court." On what principle, then, can the defendants be made liable in this action? Here, nothing more was done, than to take the body of the plaintiff, which was expressly commanded by the writ. Where a plaintiff sued out a *fi. fa.* against his debtor, after he had paid the debt, and caused him to be arrested, even while attending Court, as a witness, it was holden that trespass would not lie against the plaintiff while the execution was in force.—(2 Con. Rep. 700.—3 Hen. & Mumf. 260.) So, where a creditor caused his debtor, who had taken advantage of the statute of 20 Geo. 3 c 64, to be arrested, when, by the act, he was declared free from arrest, it was held by the Court, that the officer making the arrest, and it was said by the Court *arguendo*, that the plaintiff himself, until *supersedeas*, was not liable in an action of false imprisonment.—(*Tarleton* vs. *Fisher* & *al.* Doug. 671.) *Buller*, J., therein said, " The original plaintiff would not be liable to an action of trespass till the writ is superseded, for, *till then, it is a justification*." Thus, a discharge of a debtor

75

WASHINGTON, from imprisonment, by the creditor, has the same effect as
March,       a discharge under our statute for the relief of poor debtors;
1833.
─────────    and after such discharge, the debtor cannot be again ar-
Wood         rested on the same debt.—(14 Mass. Rep. 443.)    But, if
vs.
Kinsman & al. in such case, an *alias* execution is taken out on the judge-
ment, by the direction of the creditor, and the debtor im-
prisoned, false imprisonment will not lie for this second
imprisonment.—(Bray. Rep. 119, No. 4.)    By a statute law
of New-Hampshire, passed in 1818, it is provided that *mesne*
or final process shall not issue against the body of a debt-
or, nor he be imprisoned, unless the debt or damage exceed
the sum of $13,33.    In a case arising under this statute,
when execution was taken out for $8 damages, and $5
costs, against the body of the debtor, and he arrested and
imprisoned, it was holden, that the debtor could not main-
tain trespass for false imprisonment against the creditor,
until the execution was *superseded.*—(2 N. H. Rep. 491.)
A replication, like the one now before the Court, was ruled
against the plaintiff, by this Court, in a case decided in
Caledonia County in 1816.—(Bray. Rep. 118, No. 4.)

3. An exemption from arrest, whether that exemption
be given by common law, or by statute, is a personal priv-
ilege, and may be waived by the party entitled to it.    It
should be claimed and insisted on at the proper time, or
else it will be presumed to be waived, and cannot be set
up in a collateral action.—(4 Dallas, 107.—3 John. Cas.
84.—3 Mass. Rep. 193—11 *id.* 11.—15 John. Rep. 152.—
2 Aik. Rep. 224.—14 Mass. Rep. 443.—3 Con. Rep. 537.)
The plaintiff did not claim his exemption in season, if at
all.    He suffered judgement to be taken against him, by
defendant, and did not appear to object to the execution
issuing against his body.    In addition to this, he returned
from a sister State, and surrendered himself to the officer,
in discharge of his bail.    These facts are alleged in the
rejoinder, and are confessed by the demurrer; and if they
do not amount to a waiver of the exemption, it can hardly
be conceived what acts would.

4. The plaintiff, by availing himself of his imprisonment
under the execution, for the purpose of taking advantage
of the poor debtors' oath, waived his *privilege* from arrest,
and affirmed the execution.—(3 Cain's Rep. 274.)    In ta-

king this course, he treated the execution as valid, and his imprisonment as legal. Had he regarded them in a different light, he should have obtained his discharge by *habeas corpus*, or procured the execution set aside by *audita querela;* and perhaps the Justice, on motion, might have done it, and ordered him discharged. At all events, he should have sought one of these remedies, instead of resorting to his action of trespass, in which, he ought not to be favored. If the plaintiff has *now* any remedy, it is in an action on the case, in which, all the circumstances of the case, and the motives of the defendants in directing the arrest, may be gone into.

WASHINGTON,
*March,*
1833.

Wood
*vs.*
Kinsman & al.

The opinion of the Court was pronounced by

BAYLIES, J.—In this case, the County Court rendered judgement for the defendants to recover their costs, and the plaintiff appealed to this Court for their decision on the pleadings.

The several statutes, which have relation to this case, as far as it is necessary to quote them, are as follow:— The act of March 9th, 1797, Sec. 12, says, " Such prisoner (after having received a certificate, that he or she had taken the poor debtors' oath, and having paid certain charges) shall thereupon be discharged; and his or her body be thereafter exempt from execution for the same debt or debts. Sec. 13, " That all and every judgement obtained against any such prisoner, shall, notwithstanding such discharge, be and remain good and effectual in law, to all intents and purposes, against any estate whatever, which may then, or at any time afterwards, belong unto any such prisoner; and a new execution may issue at any time, against the goods, chattels or lands of such prisoner, in the same way and manner, as might have been done, if the prisoner had never been in execution." Sec. 14, " That if any person to whom the aforesaid oath or affirmation shall have been administered, shall be convicted of false swearing therein, he or she shall be liable to all the pains of wilful and corrupt perjury; and shall take no benefit by this act." The act of Nov. 3, 1806, Sec. 2, says, " That the body of any person, who shall be legally discharged from prison, by virtue of either of the aforesaid acts, shall

Washington,
March,
. 1833.

Wood
vs.
Kinsman & al.

thereupon be forever free from arrest and imprisonment, for any debt due and owing at the time of his being discharged as aforesaid, to the creditor or creditors, on whose suit he had been discharged."

1. The plaintiff's discharge from imprisonment, mentioned in his replication, should have been pleaded to the action, in which Lamb and Day recovered $14,33 debt and damages against the plaintiff, as mentioned in the defendants' plea in bar. But as the plaintiff did not plead his discharge in abatement, nor in bar in that action; nor express that he placed any reliance upon his discharge before the Court; but suffered himself to be defaulted in that action, and judgement to be rendered therein, and execution to issue against his body, and himself to be carried to jail, and to be committed on the execution; and then to be discharged from his imprisonment, on taking the poor debtors' oath. All this, in judgement of law, was a *waiver* of his discharge, mentioned in the plaintiff's replication; and he shall not now be permitted to set up his discharge to make his aforesaid imprisonment *unlawful*, that he may recover damages in this action for false imprisonment.

There is a strong resemblance between *our* statute of 1797, and the statutes of *Massachusetts* and *New-York*, as to the exemption from arrest, and imprisonment of a person, who has taken the poor debtors' oath. If the writ of *Lamb* and *Day* against the plaintiff, in the action in which they recovered $14,33, debt and damages, was an attachment, and the plaintiff was arrested thereon, and at the same time he was exempt from arrest, he might have pleaded his privilege in abatement of the writ, according to the case of *Willington* vs. *Stevens*, 1 Bick. 497.—(See also *Cooper* vs. *Gibbs*, 3 M. R. 193.)

But if the writ was merely a summons, the plaintiff might have pleaded his discharge in bar of the execution issuing against his body. I so understand the opinion of the Court in *Cable* vs. *Cooper*, 15 J. R. 152.—In that case, Judge *Van Ness* says, "The defendant, in the original action, was bound to plead his discharge, and he wished to avail himself of his exemption from imprisonment for the same cause, secured to him by statute. If he had been convicted of perjury in procuring his discharge, he was, notwithstanding

his discharge, liable to be again imprisoned, either on the old judgement, or under a new judgement recovered upon the old one, in an action of debt; and if the discharge had been pleaded, the plaintiff might have replied to it such conviction, which would have been conclusive to bar him of his exemption."

WASHINGTON,
March,
1833.

Wood
vs.
Kinsman & al.

So in the action at bar, if the plaintiff had pleaded his discharge, *Lamb* and *Day* might have replied facts, within the 14th section of our act of 1797; or they might have replied, "that at the time the plaintiff obtained his discharge, the note in suit was not then *due*, and *owing* to them, but was *due* and *owing* to A. B. to whom they had previously assigned said note, and this action is brought for his benefit."—Proving these facts would take the case out of the statute of 3d November, 1806. But in the case above, (15 J. R. 152) Judge *Van Ness* says, "The privilege from imprisonment to which Brown (the debtor) was entitled under the statute, certainly might be *waived*, and the omission to plead the discharge in proper time was *a waiver*.

"So the protection, which a person has from arrest, while attending Court, or a party to a suit, is a personal privilege, of which the party, entitled to rely upon it, may avail himself to prevent, or defeat an arrest: but if he *waives* the privilege, and willingly submits himself in custody to the officer, he cannot afterwards object to the imprisonment as *unlawful*, or as made by a bad authority. A *waiver* and voluntary submission are to be presumed; at least there are no allegations to the contrary in the bar on which the defendants rely."—*Brown* vs. *Getchell et al.* 11 Mass. Rep. 11.

"Every privileged person must, at a proper time, and in a proper manner, claim the benefit of his privilege. The Judges are not bound, judicially, to notice a right of privilege, nor to grant it without claim. In the present instance, neither the defendant, nor his attorney, suggested the privilege, as an objection to the trial of the cause: and this amounts to a *waiver*, by which the party is forever concluded."—*Geyer's Lessee* vs. *Irwin*, 4 Doug. 107.

The same principles are recognized as law in *Hess* vs. *Morgan*, 3 J. C. 84; and in *Fletcher* vs. *Baxter*, 2 Aik. 224. *in Error.*

WASHINGTON,
March,
1833.

Wood
vs.
Kinsman & al.

It cannot be necessary to produce more authorities to show, that the plaintiff could *waive* his personal privilege; nor to produce more evidence to show, that he did *waive* it in this case.

2. It is a rule of law, that a judgement of a court of record, having jurisdiction, must have the effect of a regular judgement, however erroneous it may be, until it is reversed; and it cannot be reversed in a collateral action. And no judgement is *absolutely void*, but such as was rendered by a Court having no jurisdiction. The judgement of $14,33 debt and damages, mentioned in the plea in bar, was a regular judgement, rendered by a court of record, possessing competent jurisdiction; and the writ of execution, which issued thereon, was a regular writ, in due form of law, and is a justification of every act of the defendants done under it, in pursuance of its precept.—It justifies the defendants, one as creditor, and the other as his attorney, in taking out the execution, delivering it to a proper officer for collection, and imprisoning the plaintiff by it, he having refused and neglected to pay and satisfy said judgement. But I go further, and say, if the writ of execution should not have issued against the plaintiff's body on account of his privilege, and it did issue against his body, it is not *void* on that account; but merely *voidable*. and is a justification of every act of the defendants under it. But if it was *absolutely void*, it would justify no act whatever.

The *English* and *American* Reports fully establish the doctrine which I have advanced: See 17 J. R. 145, *Jackson* vs. *Wilkinson*.—3 Caine 267, *Reynolds* vs. *Cope et al.*—3 Hen. & Mumf. 260, *Moore* vs. *Chapman*.—4 Cranch 238, *Blaine* vs. *Ship Charles Carter et al.*—2 Salk. 674, *Prigg* vs. *Adams*.—2 Aik. 249, *Allen* vs. *Huntington et al.*—1 Stra. 509, *Philips* vs. *Biron et al.*—Doug. 671, *Tarlton* vs. *Fisher et al.*—10 Petersd. 279, also 2 Black. 1190, *Camron* vs. *Lightfoot*.—15 East. 612, *King* vs. *Harrison et al.*—3 Con. Rep. 537, *Swift* vs. *Chamberlain*.—2 N. H. Rep. 491, *Blanchard* vs. *Goss*.

The case at bar is not entirely new in principle in this State: At Caledonia County Supreme Court, February Term, 1816, the case of *John Johnson*, Appellant, against *W. W. M. Gaffey*, Appellee, came on for trial: It was an

action for Assault and Battery and False Imprisonment.--- <span>WASHINGTON, *March*, 1833.</span>
The defendant plead in bar a regular judgement, and execution in his favor, and against the plaintiff, and a lawful <span>Wood *vs.* Kinsman & al.</span>
imprisonment of the plaintiff by said execution; which imprisonment the defendant averred to be the supposed trespass complained of by the plaintiff. The plaintiff replied his exemption from arrest and imprisonment by this execution, becacse it was a debt due and owing from him to the defendant, when the plaintiff on a former day, took the poor debtors' oath, and was legally discharged from his imprisonment on another execution in favor of the defendant against the plaintiff; and relied on the act of 3d November, 1806. The defendant demurred to the plaintiff's replication, and the plaintiff joined in demurrer. The Court rendered judgement for the defendant. There is a short note of this case in *Brayton's Reports*, p. 118.

The plaintiff has referred to several cases where trespasses were committed under *void* precepts; but we consider that these cases do not apply.---Here the writ of execution was not *void*, but *valid*.

Judgement, that the plaintiff's replication is insufficient; and that from having, and maintaining his action against the defendants, he ought to be barred, and they recover their costs.